UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

FREEDOM FROM RELIGION
FOUNDATION, INC.,
and TRIANGLE FFRF,

          Plaintiffs,

v.

                                                                       Case No. 12-CV-946

STEVEN MILLER, ACTING COMMISSIONER
OF THE INTERNAL REVENUE SERVICE,

          Defendant.

---

## COMPLAINT

---

The Plaintiffs, as their Complaint against the Defendant, allege as follows:

1.    The plaintiffs seek a declaration that preferential application and informational filing exemptions for churches and certain other religious organizations and affiliates under §501(c)(3) of the Internal Revenue Code violate the Establishment Clause of the First Amendment to the United States Constitution, as well as the equal protection rights mandated by the Due Process Clause of the Fifth Amendment.  The plaintiffs request the Court to enjoin the defendant from allowing such preferences to churches and other affiliated religious organizations.

2.    The plaintiffs are tax-exempt 501(c)(3) non-profit organizations that must file detailed, intrusive, and expensive annual reports to maintain tax-exempt status, but such reports are not required for churches and certain other affiliated religious organizations in order to remain tax-exempt.

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 with respect to the relief sought against the defendant, from whom no damages are sought. The Court also has the authority to issue declaratory relief under 28 U.S.C. § 2201, including because the defendant, Steven Miller, in his capacity as acting Commissioner of the Internal Revenue Service, has violated, continues to violate, and will continue to violate in the future, the plaintiffs' constitutional rights. Finally, the Court has the authority to award injunctive relief under 28 U.S.C. § 1343 and Fed. R. Civ. P. 65.

4. The United States has waived sovereign immunity, pursuant to 5 U.S.C. §702, for actions that seek specific relief other than money damages, as in this case.

5. Venue is appropriate in the District Court for the Western District of Wisconsin, pursuant to 28 U.S.C. §1391(e), where the plaintiff, Freedom From Religion Foundation, Inc., has its principal place of business, in Madison, Wisconsin.

6. The plaintiff FFRF is a non-profit membership organization that advocates for the separation of church and state and educates on matters of non-theism. FFRF has more than 19,000 members, residing in every state of the United States and the District of Columbia.

7. FFRF represents and advocates on behalf of its members throughout the United States.

8. The plaintiff, Triangle FFRF, known as Triangle Freethought Society, also is a non-profit membership organization that advocates and educates on matters of non-theism; the plaintiff is the local chapter of the Freedom From Religion Foundation and its principal area of service is located in North Carolina.

9. The plaintiff, Triangle FFRF, is a tax-exempt non-profit organization under §501(c)(3) of the tax code, as is the plaintiff FFRF.

10. The defendant, Steven Miller, is the Acting Commissioner of the Internal Revenue Service, with a principal address of 1111 Constitution Ave., N.W., Washington, D.C. 20224; the Defendant Miller is sued in his official capacity.

11. Federal law provides significant and valuable tax benefits to non-profit organizations under §501(c)(3) of the Internal Revenue Code.

12. The benefit of having §501(c)(3) status includes exemption from payment of federal income taxes and eligibility to receive tax-deductible charitable contributions from individuals.

13. All non-profit organizations, except churches and certain other affiliated religious organizations, must first file an application and fee with the IRS in order to qualify for the benefits of §501(c)(3) status; the plaintiff, Triangle FFRF, paid $400 in 2010 to the Internal Revenue Service in order to apply for §501(c)(3) tax-exempt status, which the IRS granted on January 12, 2011.

14. Churches and certain other affiliated religious organizations are exempted from the IRS requirement of filing the detailed application, Form 1023, necessary in order to be considered a tax-exempt organization under §501(c)(3).

15. All organizations recognized as tax-exempt under §501(c)(3), except churches and certain affiliated religious organizations, also are required to file an annual information return, Form 990, in order to maintain their tax-exempt status.

16. Churches and affiliated religious organizations are exempted from having to file the detailed annual information return, Form 990, in order to maintain their tax-exempt status.

17. The plaintiffs are non-profit organizations recognized under §501(c)(3).

18. The plaintiffs have each filed the application required for recognition of tax-exempt status by the IRS under §501(c)(3), and they also have paid the required application fee.

19. The plaintiffs also have been annually filing the information return, Form 990, required by §501(c)(3), and they will continue to do so in the future.

20. The plaintiffs expend substantial time and resources in making the detailed annual information filing, including the annual expense of engaging and paying a certified professional accountant to prepare and file the required Form 990.

21. Form 990 requires organizations, including the plaintiffs, to provide detailed information, including information about governance, composition of governing body, information about governance and management policies, and disclosure practices.

22. Form 990 also requires organizations, including the plaintiffs, to list their officers, directors, trustees, and key employees, and they must also report compensation paid by the organization to such persons.

23. Form 990 further requires organizations, including the plaintiffs, to provide information regarding the organization's mission, activities, and current and prior years' financial results.

24. Form 990 additionally requires reporting of each organization's new, ongoing and discontinued exempt purpose, achievements, and reports of revenue and expenses.

25. Form 990 also requires organizations, including the plaintiffs, to file detailed financial schedules, including information about donations and whether donations are spent on programs or management and fundraising.

26. Finally, Form 990 requires that detailed statements of revenue and functional expenses, as well as organizational balance sheets, comprising the financial statements of the organization, be filed each year.

27. The defendant's preferential treatment of churches and certain other affiliated religious organizations is not neutrally available to other tax-exempt organizations, including the plaintiffs in this case.

28. The preferential treatment of churches and certain other affiliated religious organizations by the IRS, under the direction and control of the defendant Miller, directly benefits churches and other religious organizations, while discriminating against other non-profit organizations, including the plaintiffs, solely on the basis of religious criteria.

29. The preferential treatment of churches and other affiliated religious organizations by the defendant results in obligations imposed on secular non-profits, including the plaintiffs, that are not imposed on churches.

30. The preferential treatment provided to churches and other affiliated religious organizations constitutes an exclusive and discriminatory benefit to religion in violation of the Establishment Clause, as well as the equal protection rights required by the Due Process Clause of the Fifth Amendment to the United States Constitution.

31. Churches and certain affiliated religious organizations receive a substantial benefit by not having to file an application for §501(c)(3) status and by not having to file the annual Form 990 information return.

32. The preferences given by the IRS to churches and affiliated religious organizations are not available to the plaintiffs FFRF and Triangle FFRF, or other non-profit organizations.

33. The filing preferences given by the IRS, under the direction of the defendant, to certain religious organizations constitute discrimination on the basis of religion in violation of the Establishment Clause.

34. The Establishment Clause of the First Amendment to the United States Constitution prohibits governmental preferences for, endorsement of, and discrimination in favor of churches and religious organizations.

35. The exemption for churches and affiliated religious organizations also discriminates against the plaintiffs and other non-religious organizations in violation of equal protection under the Due Process Clause of the Fifth Amendment to the United States Constitution.

36. The defendant should be enjoined from continuing to discriminate in favor of churches and affiliated religious organizations as to the requirements necessary to obtain and maintain the benefits of §501(c)(3) status; churches and other affiliated religious organizations should be required to file application and informational Form 990, as other tax-exempt organizations must do.

WHEREFORE, the Plaintiffs demand judgment as follows:

A. Declaring that church exemptions from the application and annual information filing requirements of §501(c)(3) violate the Establishment Clause and the equal protection rights mandated by the Due Process Clause of the Fifth Amendment to the United States Constitution;

B. Enjoining the defendant and the Internal Revenue Service from continuing to exempt churches and other affiliated religious organizations from the application and annual information filings required of all other non-profit organizations under §501(c)(3);

C.  Awarding the plaintiffs their reasonable costs and disbursements of this action as allowed by law; and

D.  Awarding such further relief as the Court deems just and equitable.

Dated this 27th day of December 2012.

<div style="margin-left:auto">

BOARDMAN & CLARK LLP
By

  /s/  _____
Richard L. Bolton, SBN: 1012552
1 South Pinckney Street, Ste. 410
P. O. Box 927
Madison, WI 53701-0927
Telephone: (608) 257-9521
Facsimile: (608) 283-1709
Attorney for Plaintiffs
rbolton@boardmanclark.com

</div>

F:\DOCS\WD\26318\25\A1563020.DOCX