UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

FREEDOM FROM RELIGION
FOUNDATION, INC.,
and TRIANGLE FFRF,

          Plaintiffs,

v.                                             Case No. 12 CV 0946

STEVEN MILLER,
ACTING COMMISSIONER
OF THE INTERNAL REVENUE SERVICE,

          Defendant.

**JOINT PRELIMINARY PRETRIAL CONFERENCE REPORT**

The parties jointly submit the following Preliminary Pretrial Conference Report:

1.     <u>Statement of the Case</u>. The Plaintiffs allege that Defendant is violating the Establishment Clause of the First Amendment to the United States Constitution by imposing various filing requirements to maintain § 501(c)(3) tax-exempt status under the Tax Code that churches and religious organizations do not have to meet. Defendant contends that Plaintiffs have failed to establish that they have standing to bring this claim and this Court lacks subject matter jurisdiction over this case and have filed a motion to

dismiss on that basis.  Should the case progress to the merits, however, Defendant denies all allegations of unconstitutional conduct.

  2. <u>Name of Related Cases</u>.  None.

  3. <u>Statement of Factual and Legal Issues</u>:

    a. Whether this Court has subject matter jurisdiction to hear this case.

    b. Whether the Defendant is violating the Establishment Clause.

  4. <u>Description of Amendments to Pleadings</u>.  The parties reserve the right to amend pleadings as allowed by the Court's Scheduling Order.

  5. <u>Identity of Added New Parties</u>.  None anticipated at this time, but the identity of the Acting Commissioner of the Internal Revenue Service, sued in his official capacity, is no longer Steven T. Miller.  Daniel Werfel will assume the position of Acting Commissioner of the Internal Revenue Service on May 22, 2013.  Under Rule 25(d), when a public officer, who is a party to a case in his or her official capacity, resigns or otherwise ceases to hold office, the officer's successor is automatically substituted as a party.  No court order is necessary to substitute the new party.  Subsequent proceedings should be in the substituted party's name.

  6. <u>Estimated Trial Length</u>.  Should trial be required, the parties anticipate that trial will take two to four days.

  7. <u>Other Matters Which May Affect Disposition of Case</u>.  Defendant has filed a motion to dismiss for lack of subject matter jurisdiction.  If Defendant's motion is denied, then the parties anticipate that dispositive motions will subsequently be filed.  If

such motions fail to dispose of the case, then a trial to the Court would be appropriate as this matter does not raise issues requiring a jury's determination.

      8.    <u>Proposed Discovery Plan</u>.  Defendant contends that its motion to dismiss could significantly shape the course and conduct of this litigation, including the discovery required.  Defendant, therefore, submits that setting discovery and other deadlines at this time would be premature, and could potentially result in the waste of resources by both the parties and the Court.  Defendant proposes that this Court refrain from establishing case deadlines at this time and instead plan to hold a scheduling conference upon resolution of Defendant's motion to dismiss, should such a conference be necessary.

If the Court prefers to enter deadlines at this time, the Plaintiffs propose the following deadlines:

      a.    <u>Dispositive motions deadline</u>:   December 1, 2013;

      b.    <u>Deadline for the disclosure of expert witnesses</u>:   November 1, 2013;

      c.    <u>Deadline for the disclosure of rebuttal expert witnesses</u>:   December 1, 2013;

      d.    <u>Discovery deadline</u>:   March 1, 2014;

      e.    <u>Trial Date</u>:   after March 1, 2014;

The Defendant objects to the Plaintiffs' proposed deadlines because, among other things, Plaintiffs seek a discovery period that is unnecessarily prolonged.  The proposed deadlines will not promote the just, speedy, and efficient resolution of this matter.

      f.    At this time, the parties do not anticipate any modification of the Federal rules relating to the number of depositions or interrogatories.

| | |
|---|---|
| Dated this 22nd day of May, 2013 | **BOARDMAN & CLARK LLP** |
| | |
| | */s/ Richard L. Bolton* |
| | Richard L. Bolton |
| | Wisconsin State Bar No. 1012552 |
| | *rbolton@boardmanclark.com* |
| | 1 S. Pinckney St., Ste. 410 |
| | P.O. Box 927 |
| | Madison, WI 53701-0927 |
| | (608) 257-9521 |
| | (608) 283-1709 (facsimile) |
| | |
| | Attorneys for Plaintiffs |
| | |
| Dated this 22nd day of May, 2013 | **U.S. DEPARTMENT OF JUSTICE TAX DIVISION** |
| | |
| | */s/ Richard G. Rose* |
| | Richard G. Rose |
| | D.C. Bar No. 493454 |
| | *richard.g.rose@usdoj.gov* |
| | Richard A. Schwartz |
| | CA Bar No. 467269 |
| | *richard.a.schwartz@usdoj.gov* |
| | U.S. Department of Justice |
| | Ben Franklin Station |
| | Washington, D.C.  20044 |
| | (202) 616-2032 |
| | (202) 514-6770 (facsimile) |
| | |
| | Attorneys for Defendant |

Notice of Electronic Filing and Service

I hereby certify that on May 22, 2013, this document was filed electronically in accordance with the ECF procedures of the United States District Court, Western District of Wisconsin, under Rule 5(d)(1), Federal Rules of Civil Procedure.  All parties who are represented and have consented to service of electronically filed documents are served upon receipt of the NEF from the electronic filing system.

To the best of my knowledge, there are no parties in this case that require service by means other than electronic service using the Court's NEF.  The original document on file contains valid original signatures.

F:\DOCS\WD\26318\25\A1660451.DOCX   [(miller) joint prelim pretrial report (final)]