IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREEDOM FROM RELIGION FOUNDATION
and TRIANGLE FFRF,

                                                                    ORDER

                        Plaintiffs,

                                                                    12-cv-946-bbc

     v.

DANIEL I. WERFEL, Acting Commissioner of the
Internal Revenue Service,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this lawsuit brought under the Administrative Procedure Act, plaintiffs Freedom from Religion Foundation and Triangle FFRF contend that the Internal Revenue Service is violating the establishment clause and the equal protection clause of the Constitution by imposing different requirements on churches and other nonprofit organizations for obtaining and maintaining tax exempt status under § 501(c)(3) of the tax code. In particular, plaintiffs allege that they were required to file a "detailed application" (Form 1023) before obtaining tax exempt status and since then they have been required to file "detailed, intrusive and expensive annual reports" (Form 990) in order to maintain that status, but churches are not required to do either of these things. The government has filed a motion to dismiss the complaint on the ground that plaintiffs lack standing to sue, dkt. #7, which the parties have finished briefing.

The parties' arguments in their briefs seem to be similar if not identical in many respects to those they made in Freedom from Religion Foundation v. Geithner, No. 11-cv-626-bbc (W.D. Wis. Aug. 29, 2012), another case in this court in which the government argued that plaintiff Freedom from Religion Foundation lacked standing to challenge allegedly preferential tax treatment granted by the IRS on the basis of religion. In that case, which has not yet been resolved on the merits, plaintiffs contend that 26 U.S.C. § 107 violates the establishment clause and the equal protection clause because it gives a tax exemption to any "minister of the gospel" for compensation received related to certain housing expenses, but it does not provide the same exemption to employees of other nonprofit organizations. In denying the government's motion to dismiss in that case, I concluded that the allegedly discriminatory treatment employees of the foundation received under the statute was a sufficient injury to give the plaintiffs standing to sue.

In this case, the parties make many of the same arguments, cite many of the same cases and even seem to have cut and pasted sections of their briefs from Geithner. Surprisingly, despite all of these similarities, neither side mentions the previous case in their briefs. My tentative view is that the conclusion in Geithner requires the denial of the government's motion to dismiss in this case, but I am reluctant to rely so heavily on a decision that both sides have ignored.

Accordingly, I will give the parties an opportunity to file supplemental briefs to address the question whether Geithner is distinguishable. If the parties do not respond, I will construe their silence as a concession that there are no relevant differences between the

two cases for the purpose of standing.

ORDER

IT IS ORDERED that the parties may have until August 13, 2013, to file supplemental briefs addressing the question whether <u>Freedom from Religion Foundation v. Geithner</u>, No. 11-cv-626-bbc (W.D. Wis. Aug. 29, 2012), is distinguishable from this case for the purpose of deciding the question whether plaintiffs Freedom from Religion Foundation and Triangle FFRF have standing to sue.

Entered this 30th day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge