UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| FREEDOM FROM RELIGION | ) | |
| FOUNDATION, INC., and TRIANGLE | ) | |
| FFRF, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 12-CV-946 |
| v. | ) | |
| | ) | |
| DANIEL WERFEL, COMMISSIONER OF | ) | |
| THE INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS**

The United States submits the following supplemental brief in response to the Court's Order dated July 31, 2013. (Doc. 15.) For the following three reasons, this Court is not bound by its decision in *Freedom From Religion Foundation, Inc. v. Geithner*, No. 11-cv-626 (W.D. Wis.) ("*Geithner*"), and the United States' motion to dismiss in the present case should be granted.

First, this case should be dismissed because the plaintiffs here – Freedom From Religion Foundation, Inc. and Triangle FFRF – are organizations and not individuals like the plaintiffs in *Geithner*.[1] As organizations who do not allege any injury to their ability to carry out their programs or mission, plaintiffs have failed to establish that they have suffered a "concrete and demonstrable injury to the organization's activities – with [a] consequent drain on the organization's resources – constituting . . . more than simply a setback to the organization's

_____

[1] Though Freedom From Religion Foundation, Inc. is a named plaintiff in *Geithner*, no allegations of injury to Freedom From Religion, Inc. are at issue in that case. Rather, Freedom From Religion Foundation, Inc. is only a plaintiff in a representational capacity. *See Geithner*, Doc. 49, ¶ 2 (W.D. Wis. July 26, 2013).

abstract social interests." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378 (1982). "Indeed, the organization must allege that discrete programmatic concerns are being directly and adversely affected by the challenged action." *National Taxpayers Union, Inc. v. United States*, 68 F.3d 1428, 1433 (D.C. Cir. 1995) (quoting *American Legal Foundation v. FCC*, 808 F.2d 84, 92 (D.C. Cir. 1987)). Accordingly, the plaintiff organizations in this case have failed to demonstrate that programmatic goals have been impeded by the challenged disparity, and that the remedy they seek would redress that impediment.

Though the plaintiffs in this case do not make allegations regarding the effect of the challenged statute on their ability to carry out their programmatic goals, *Geithner* did not even involve plaintiffs who could have programmatic goals that might be impeded. Plaintiffs here only allege "damage to an interest in 'seeing' the law obeyed or a social goal furthered," an allegation that is insufficient for an organization to have suffered a cognizable injury for standing purposes. *Id.* (quoting *American Legal Foundation*, 808 F.2d at 92). Indeed, plaintiffs here do not seek the abatement of any injury to the organizations' programming or activities, but rather the imposition of another constraint on third parties not before the Court.

Second, plaintiffs in this case do not have an ongoing injury with respect to the requirement to file a Form 1023 or pay the associated user fee. In *Geithner*, the plaintiffs alleged an ongoing injury (albeit not a concrete injury sufficient to confer standing) in so far as each plaintiff continues to receive a designated housing allowance from his or her employer. Such is not the case here. Plaintiffs in the present case do not (and cannot) allege an ongoing injury regarding the one-time requirement to file a Form 1023 or pay the associated user fee. Plaintiffs therefore lack standing with respect to the Form 1023 and related requirements

because a past injury is not a sufficient "injury in fact" to establish standing to sue for prospective relief in the form of a declaratory judgment or injunction. *L.A. v. Lyons*, 461 U.S. 95, 105 (1983) (standing to seek injunction depends on likelihood of future injury); *Aslin v. Fin. Indus. Regulatory Auth., Inc.*, 704 F.3d 475, 480 (7th Cir. 2013) (past injury insufficient to for standing to seek declaratory judgment or injunction, and the injury must be personal to this plaintiff, not simply someone in the future). These factual considerations were plainly not before the Court in *Geithner*; accordingly, that case does not "require[] the denial of the government's motion to dismiss in this case." (Doc. 15, p. 2.)

Third, the United States submits that *Geithner* does not require dismissal of the United States' motion to dismiss in this case because neither case is suitable for a pre-enforcement challenge. *See Geithner*, Doc. 30, p. 7. The United States did not address the applicability of the doctrine surrounding pre-enforcement challenges in briefing its motion to dismiss in *Geithner*. Having since addressed the pre-enforcement challenge doctrine more directly in its briefing in this case and in support of its motion for summary judgment in *Geithner*, the United States respectfully submits that neither case presents facts necessary to support application of the pre-enforcement challenge doctrine, and that *Geithner* is indistinguishable in that respect.

3

For all of the foregoing reasons, the United States respectfully submits that *Geithner* does not control the outcome in this case, and the Court should grant the United States' motion to dismiss.

Dated: August 13, 2013                Respectfully submitted,

*/s/ Richard G. Rose*
RICHARD G. ROSE
District of Columbia Bar Number: 493454
U.S. Department of Justice
Tax Division
Post Office Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 616-2032
Facsimile: (202) 514-6770
E-mail: richard.g.rose@usdoj.gov

*/s/ Richard Adam Schwartz*
RICHARD ADAM SCHWARTZ
California Bar Number: 267469
U.S. Department of Justice
Tax Division
Post Office Box 683
Washington, D.C. 20044
Telephone: (202) 307-6322
Fax: (202) 307-0054
E-mail: richard.a.schwartz@usdoj.gov

*Counsel for Defendant*

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on August 13, 2013, service of the foregoing UNITED STATES'

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS was made upon

Plaintiffs by filing it with the Clerk of Court using the CM/ECF system.

<u>/s/ Richard G. Rose</u>
RICHARD G. ROSE
