UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., and TRIANGLE FFRF, <br><br> Plaintiffs, <br><br> v. <br><br> DANIEL WERFEL, COMMISSIONER OF THE INTERNAL REVENUE SERVICE, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 12-CV-946 |

# ANSWER

The defendant, by and through its undersigned counsel, hereby answers the complaint in this case as follows:

1. The defendant admits that plaintiffs seek the relief described in paragraph 1 but denies that plaintiffs are entitled to any such relief.

2. The defendant admits that plaintiffs are tax-exempt organizations described in I.R.C. § 501(c)(3).[1] The defendant admits that there are annual information return requirements for organizations recognized as described in § 501(c)(3), including the requirement to file annual information returns as well as the statutorily mandated exceptions to such filing requirements, denies that the information returns are detailed or intrusive, and lacks knowledge or information sufficient to form a belief as to the truth of whether the reports that plaintiffs must file are expensive.

---

[1] Unless otherwise noted, all statutory references are to the Internal Revenue Code (26 U.S.C.).

1

3. The defendant admits that this Court has jurisdiction over federal questions pursuant to 28 U.S.C. § 1331 and admits that 28 U.S.C. § 2201 provides the Court with authority to issue declaratory judgments; but the defendant denies that this Court has jurisdiction with respect to the relief sought against the defendant, denies that 28 U.S.C. § 1343 provides authority for the Court to award injunctive relief against the defendant, and denies that Fed. R. Civ. P. 65 provides authority for the Court to award the injunctive relief plaintiffs seek.

4. To the extent a response is required to paragraph 4, the defendant denies that the 5 U.S.C. § 702 contains a waiver of sovereign immunity in this case.

5. Admit.

6. Admit.

7. Admit.

8. The defendant admits that plaintiff Triangle FFRF is a tax-exempt organization described in § 501(c)(3), but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the complaint, and therefore denies those allegations.

9. Admit.

10. The defendant admits that Steven Miller was sued in his official capacity; the defendant denies that Steven Miller is the acting commissioner of the IRS; the defendant further avers that Daniel Werfel is currently the Acting Commissioner of the Internal Revenue Service.

11. To the extent a response is required to paragraph 11, the defendant admits that § 501(c)(3) provides an exemption from federal income tax for entities organized and operated exclusively for religious, charitable, scientific, or educational purposes, no part of the earnings of which inures to the benefit of any private shareholder or individual.

12. Admit.

13. The defendant admits that plaintiff Triangle FFRF applied for and was granted tax-exempt organization status described in § 501(c)(3); the defendant further avers that the requirements for application for exemption described in § 501(c)(3), as well as the statutorily mandated exceptions to such application requirements, are set forth in § 508 and other legal authorities, including but not limited to Treasury Regulations, Revenue Rulings, case law and administrative materials.

14. The defendant denies that the allegations in paragraph 14 contain a complete or accurate statement of the requirements for application for exemption as well as the statutorily mandated exceptions to such application requirements, which are set forth in §§ 501(c)(3) and 508 and other legal authorities, including but not limited to Treasury Regulations, Revenue Rulings, case law and administrative materials.

15. The defendant denies that the allegations in paragraph 15 contain a complete or accurate statement of the annual return information requirements, as well as the statutorily mandated exceptions to such filing requirements, for organizations

recognized as tax exempt as described in § 501(c)(3), which are set forth in § 6033 and other legal authorities, including but not limited to Treasury Regulations, Revenue Rulings, case law and administrative materials.

16. The defendant denies that the allegations in paragraph 16 contain a complete or accurate statement of the statutorily mandated exceptions to annual return information requirements for organizations recognized as tax exempt under § 501(c)(3), which are set forth in § 6033 and other legal authorities, including but not limited to Treasury Regulations, Revenue Rulings, case law and administrative materials.

17. Admit.

18. Admit.

19. Defendant admits that plaintiffs are tax-exempt organizations described in § 501(c)(3) and that plaintiffs are currently in compliance with their annual information return requirements, but defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the complaint, and therefore denies those allegations.

20. The defendant denies that Triangle FFRF files the Form 990 and instead avers that Triangle FFRF files the form 990-N, lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding FFRF, Inc. in paragraph 20 of the complaint, and therefore denies those allegations, and denies plaintiffs' characterization that the annual information filing is detailed.

21. The defendant denies that Triangle FFRF files the Form 990 and instead avers that Triangle FFRF files the form 990-N, denies plaintiffs' characterization that the annual information filing is detailed, but admits the remaining allegations in paragraph 21 of the complaint.

22. The defendant denies that Triangle FFRF files the Form 990 and instead avers that Triangle FFRF files the form 990-N, and admits the remaining allegations in paragraph 22 of the complaint.

23. The defendant denies that Triangle FFRF files the Form 990 and instead avers that Triangle FFRF files the form 990-N, and admits the remaining allegations in paragraph 23 of the complaint.

24. Admit.

25. The defendant denies that Triangle FFRF files the Form 990 and instead avers that Triangle FFRF files the form 990-N, denies plaintiffs' characterization that the financial schedules must be detailed, but admits the remaining allegations in paragraph 25 of the complaint.

26. Admit.

27. The defendant admits that there are statutorily mandated exceptions, set forth at § 6033, to the annual information return filing requirements for § 501(c)(3) organizations, but denies the remaining allegations in paragraph 27.

28. The defendant admits that there are statutorily mandated exceptions, set forth at § 6033, to the annual information return filing requirements for § 501(c)(3) organizations, but denies the remaining allegations in paragraph 28.

29. The defendant admits that there are statutorily mandated exceptions, set forth at § 6033, to the annual information return filing requirements for § 501(c)(3) organizations, but denies the remaining allegations in paragraph 29.

30. The defendant admits that there are statutorily mandated exceptions, set forth at § 6033, to the annual information return filing requirements for § 501(c)(3) organizations, but denies the remaining allegations in paragraph 30.

31. The defendant admits that there are statutorily mandated exceptions, set forth at § 6033, to the annual information return filing requirements for § 501(c)(3) organizations, but denies the remaining allegations in paragraph 31.

32. The defendant admits that there are statutorily mandated exceptions, set forth at § 6033, to the annual information return filing requirements for § 501(c)(3) organizations, but lacks information sufficient to form a belief as to the truth of whether plaintiffs might qualify for such an exception, and therefore denies the remaining allegations in paragraph 32.

33. The defendant admits that there are statutorily mandated exceptions, set forth at § 6033, to the annual information return filing requirements for § 501(c)(3) organizations, but denies the remaining allegations in paragraph 33.

34. The allegations in paragraph 34 contain legal conclusions to which no response is required.

35. The defendant admits that there are statutorily mandated exceptions, set forth at § 6033, to the annual information return filing requirements for § 501(c)(3) organizations, but denies the remaining allegations in paragraph 35.

36. The defendant admits that there are statutorily mandated exceptions, set forth at § 6033, to the annual information return filing requirements for § 501(c)(3) organizations, but denies the remaining allegations in paragraph 36.

WHEREFORE the defendant respectfully requests that this Court deny the relief requested in the complaint, dismiss the complaint, and grant such further relief as the Court deems proper and just, including the costs of this action.

Dated: September 23, 2013   Respectfully submitted,

*/s/ Richard G. Rose*
RICHARD G. ROSE
District of Columbia Bar Number: 493454
U.S. Department of Justice
Tax Division
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-2032
Facsimile: (202) 514-6770
E-mail: richard.g.rose@usdoj.gov

*/s/ Richard Adam Schwartz*
RICHARD ADAM SCHWARTZ
California Bar Number: 267469
U.S. Department of Justice
Tax Division
Post Office Box 683
Washington, D.C. 20044
Telephone: (202) 307-6322
Fax: (202) 307-0054
E-mail: richard.a.schwartz@usdoj.gov

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that, on September 23, 2013, service of the foregoing ANSWER was made upon plaintiffs by filing it with the Clerk of Court using the CM/ECF system.

*/s/ Richard A. Schwartz*
RICHARD A. SCHWARTZ