UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

FREEDOM FROM RELIGION                    )
FOUNDATION, INC. and TRIANGLE            )
FFRF,                                    )
                                         )
            Plaintiffs,                  )
                                         )
v.                                       )        Case No. 12-CV-946
                                         )
JOHN KOSKINEN, COMMISSIONER OF           )
THE INTERNAL REVENUE SERVICE,            )
                                         )
            Defendant.                   )
                                         )

## UNITED STATES' SUPPLEMENTAL BRIEF

Pursuant to the Court's request (Docket No. 38), the defendant submits this supplemental brief regarding the effect of *Freedom From Religion Foundation, Inc. v. Lew*, No. 14-1152, --- F.3d ---, 2014 WL 5861632 (7th Cir. Nov. 13, 2014) (hereafter "*FFRF v. Lew*") on this case. As set forth more fully below, the holding in *FFRF v. Lew* requires that the above-captioned action be dismissed because the plaintiffs lack standing.

In *FFRF v. Lew*, the court reiterated the essential constitutional requirement that a plaintiff must suffer a *personal* injury, whether in the form of a denial of a benefit or otherwise. The plaintiffs in that case were never denied the exemption at issue "because they never asked for it." 2014 WL 5861632, at *3. As the court explained, the plaintiffs "could have sought the exemption by excluding their housing allowances from their reported income on their tax returns and then petitioning the Tax Court if the IRS were to disallow the exclusion." *Id.* at *3, n. 3. Alternatively, they could have "paid income tax on their housing allowance, claimed refunds from the IRS, and then sued if the IRS rejected or failed to act upon their claims." *Id.* "Without a

1

request, there can be no denial. And absent any personal denial of a benefit, the plaintiffs' claim amounts to nothing more than a generalized grievance about [a statute's] unconstitutionality, which does not support standing." *Id*. at *3 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992)).

Moreover, *FFRF v. Lew* makes clear that the requirement of suffering a *personal* injury in order to maintain standing exists not only where the plaintiff is facially eligible for the exemption, but also where he is facially ineligible for it. "In other words, the mere fact that the tax code conditions the availability of a tax exemption on religious affiliation does not give a plaintiff standing to challenge that provision of the code. A plaintiff cannot establish standing to challenge such a provision without having personally claimed and been denied the exemption." 2014 WL 5861632, at *3. Even the futility of obtaining the disputed benefit (in that case, in the form of a claim for refund or other administrative request for the benefit) does not abrogate the requirement that a plaintiff suffer a personal injury. *See id*. at *3-4 & n.3 (citing *Allen v. Wright*, 468 U.S. 737, 745 (1984); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163 (1972)). Indeed, "the mere fact that discrimination is occurring is not enough to establish standing, absent being 'personally denied equal treatment.'" 2014 WL 5861632, at *4 (quoting *Allen*, 468 U.S. at 755). Finally, the court in *FFRF v. Lew* rejected the conclusion that plaintiffs had standing in that case on the grounds that an underinclusive statute could preclude judicial review. 2014 WL 5861632, at *6.

Here, just as in *FFRF v. Lew*, plaintiffs "have never been denied the [annual information return filing] exemption because they have never requested it; therefore, they have suffered no injury." *Id.* at *8. Thus, for the same reasons plaintiffs did not have standing in *FFRF v. Lew*, they lack standing here. Plaintiffs could possibly acquire standing by refusing to file the Form

2

990 and awaiting assessment by the IRS of a failure to file penalty pursuant to 26 U.S.C. § 6652. Or, if plaintiffs refused to file the required Form 990 or notice for three consecutive years, plaintiffs' status as a tax-exempt organization under 26 U.S.C. § 501(a) shall be considered revoked by operation of law under 26 U.S.C. § 6033(j), providing them standing.

At bottom, this case is in the same posture as *FFRF v. Lew*: plaintiffs challenge the constitutionality of a benefit that they have not sought to claim. As a result, *FFRF v. Lew* requires this court to dismiss this action because "[o]nly a person that has been denied such a benefit can be deemed to have suffered a cognizable injury." 2014 WL 5861632, at *8.

## CONCLUSION

Consistent with the analysis of the U.S. Court of Appeals for the Seventh Circuit in *FFRF v. Lew*, this action should be dismissed because plaintiffs do not have standing and this Court lacks jurisdiction over their claims.

//

//

//

//

//

//

//

//

//

//

//

3

Dated: December 5, 2014                    Respectfully submitted,

                                           */s/ Richard G. Rose*
                                           RICHARD G. ROSE
                                           District of Columbia Bar Number: 493454
                                           U.S. Department of Justice, Tax Division
                                           Post Office Box 7238
                                           Ben Franklin Station
                                           Washington, D.C. 20044
                                           Telephone: (202) 616-2032
                                           Facsimile: (202) 514-6770
                                           E-mail: richard.g.rose@usdoj.gov


                                           */s/ Richard Adam Schwartz*
                                           RICHARD ADAM SCHWARTZ
                                           California Bar Number: 267469
                                           U.S. Department of Justice, Tax Division
                                           Post Office Box 683
                                           Washington, D.C. 20044
                                           Telephone: (202) 307-6322
                                           Fax: (202) 307-0054
                                           E-mail: richard.a.schwartz@usdoj.gov

                                           *Counsel for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that, on December 5, 2014, service of the foregoing UNITED STATES'

SUPPLEMENTAL BRIEF was made upon plaintiffs by filing it with the Clerk of Court using

the CM/ECF system.

<em><u>/s/ Richard G. Rose</u></em><br>RICHARD G. ROSE