IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREEDOM FROM RELIGION FOUNDATION
and TRIANGLE FFRF,

                                          OPINION AND ORDER

                Plaintiffs,

                                          12-cv-946-bbc

     v.

JOHN KOSKINEN, Commissioner of the
Internal Revenue Service,

                Defendant.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Under 26 U.S.C. § 6033(a)(1), most organizations that receive tax exempt status under 26 U.S.C. § 501(a) must prepare a Form 990, which is an annual report "stating specifically the items of gross income, receipts, and disbursements, and such other information for the purpose of carrying out the internal revenue laws as the Secretary may by forms or regulations prescribe." Under § 6033(a)(3), certain organizations, including churches, receive an exemption from the reporting requirements.

      Plaintiffs Freedom from Religion Foundation and Triangle FFRF are nonprofit organizations that comply with § 6033(a)(1) each year. They contend that the exemption to the reporting requirements in § 6033(a)(3) violates the establishment clause and the equal

---

[1] John Koskinen has been substituted for his predecessor, Daniel Werfel, in accordance with Fed. R. Civ. P. 25.

protection clause and they seek an order "[e]njoining the defendant and the Internal Revenue Service from continuing to exempt churches and other affiliated religious organizations from the . . . annual information filings required of all other non-profit organizations under §501(c)(3)." Cpt., dkt. #2, at 6.

Defendant's motion for summary judgment on the merits, dkt. #26, is ready for review, but in light of <u>Freedom from Religion Foundation, Inc. v. Lew</u>, No. 14-1152, — F.3d —, 2014 WL 5861632 (7th Cir. Nov. 13, 2014), I asked the parties to submit supplemental briefs on the issue of standing. Having reviewed those briefs, I conclude that plaintiffs do not have standing under <u>Lew</u>, so the case must be dismissed for lack of jurisdiction.

OPINION

The first question in every case brought in federal court is whether the court has jurisdiction, <u>Avila v. Pappas</u>, 591 F.3d 552, 553 (7th Cir. 2010), which includes the issue of standing. <u>Hollingsworth v. Perry</u>, 133 S. Ct. 2652, 2661 (2013). To obtain standing under Article III, a plaintiff must show that she suffered an injury in fact that is fairly traceable to the defendant's conduct and capable of being redressed by favorable decision from the court. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).

In an order dated August 22, 2013, dkt. #18, I denied defendant's motion to dismiss for lack of standing, relying on this court's previous decision in <u>Freedom from Religion Foundation v. Geithner</u>, No. 11-cv-626-bbc (W.D. Wis. Aug. 29, 2012). In that case, the plaintiffs were challenging the constitutionality of 26 U.S.C. § 107(2), which gives a tax

exemption to any "minister of the gospel" for compensation received related to certain housing expenses incurred in a given year, but does not provide the same exemption to employees of other nonprofit organizations. I concluded that the plaintiffs in Geithner had standing to sue because they were employees of a nonprofit organization and they could not qualify for the exemption, so the allegedly discriminatory treatment the plaintiffs received under the statute was an injury in fact that could be remedied by eliminating the exemption.

In the order denying the motion to dismiss in this case, I concluded that "plaintiffs are claiming the same type of injury as in Geithner":

> The statute at issue in Geithner gave an annual tax exemption to certain religious persons that other, similarly situated persons such as the plaintiffs could not receive. In this case, the law at issue gives "churches" an annual exemption for filing reports that other nonprofit organizations such as plaintiffs must file. Thus, in both cases, the claim is that the government is relieving an ongoing burden from some taxpayers on the basis of religious affiliation and in both cases the alleged injury is the unequal treatment.

Id. at 3-4.

After the parties completed briefing defendant's motion for summary judgment in this case, the Court of Appeals for the Seventh Circuit reversed this court's decision in Geithner, concluding that the plaintiffs did not have standing because they never asked for the exemption. Lew, 2014 WL 5861632, at *3 ("A plaintiff cannot establish standing to challenge [a tax exemption] without having personally claimed and been denied the exemption."). The court rejected the view that the plaintiffs did not have to seek an exemption because it was clear from the face of the statute that they did not qualify for the exemption. Id. at *7. Rather, even if a party has no chance of getting the exemption, she

3

does not have standing to challenge the exemption without a "personal denial." Id. at *3. In addition, the court noted that "[a]llowing members of discriminated-against groups who have not suffered a particularized injury to bring suit . . . would . . . create practical difficulties by opening the door to constitutional challenges to any tax exemption that a given individual suspects he may not be entitled to—without first giving the IRS and the Tax Court the opportunity to determine the proper construction and application of the law." Id. at *4.

Plaintiffs attempt to distinguish Lew on the ground that it was about the denial of an exemption while this case is about the imposition of a burden, in the form of filing an annual report. Plts.' Br., dkt. #39, at 2. ("Unlike I.R.C. § 107(2), at issue in FFRF v. Lew, I.R.C. § 6033(a)(1) imposes an affirmative requirement that FFRF do something, i.e., file an annual Form 990 information return, in order to maintain tax-exempt status under § 501(c)(3) of the Internal Revenue Code."). However, this argument is semantic. In Lew, the plaintiffs were subjected to a burden as well, in the form of paying taxes. The standing problem in Lew was that the plaintiffs were not challenging the tax; they were challenging the exemption. That is the same problem in this case. Plaintiffs are not challenging the validity of the requirement under § 6033(a)(1) to file a report; they are challenging the validity of the *exemptions* to the requirement in § 6033(a)(3).

For this reason, the case plaintiffs cite, Orr v. Orr, 440 U.S. 268 (1979), is distinguishable. In Orr, a divorced father was challenging a statute requiring him to pay alimony on the ground that it discriminated against him on the basis of sex and violated the

4

equal protection clause. The plaintiff was trying to remove a burden placed on him, not impose a burden on someone else. Although it is true that the state could have eliminated the discrimination by requiring both men and women to pay alimony, that did not change the nature of the plaintiff's claim. The Court did not suggest that the plaintiff could have accepted the requirement to pay alimony and then filed a lawsuit to force the state to require women to pay alimony as well. Rather, he had standing because he was challenging "a burden he would not bear were he female." Id. at 273.

Just as in Lew, there has been no determination by the Internal Revenue Service whether plaintiffs are entitled to the exemption because plaintiffs have never asked to receive an exemption from filing a report. And there is an arguably stronger argument in this case that plaintiffs could qualify. "The Secretary may relieve *any* organization required . . . to file an information return from filing such a return where he determines that such filing is not necessary to the efficient administration of the internal revenue laws." 26 U.S.C. § 6033(a)(3)(B) (emphasis added). Although § 6033(a)(3)(B) does not set out a standard for granting an exemption, it makes clear that entities such as plaintiffs that are not religious organizations may request an exemption.

Plaintiffs' other argument is that they should not have to risk a sanction in order to obtain standing. This argument is a better one, at least in theory, because, in Lew, the court of appeals assumed that the plaintiffs could request an exemption without being sanctioned. Lew, 2014 WL 5861632, at *8 n.2. In this case, if plaintiffs refuse to prepare an annual report, they could be required to pay a fine for each day the report is not filed, 26 U.S.C. §

6652(c)(1)(A), or they could lose their tax exempt status if they do not file the report for three years, 26 U.S.C. § 6033(j). Plaintiffs cite several cases for the proposition that "a person need not risk sanctions before bringing a pre-enforcement challenge. The very existence of a statute or regulation implies a clear threat to enforce, so a pre-enforcement challenge is proper under Article III." Plts.' Br., dkt. #39, at 5 (citing Goldhammer v. Nagode, 621 F.3d 581, 586 (7th Cir. 2010); Bauer v. Shepard, 620 F.3d 704, 708 (7th Cir. 2010); Brandt v. Village of Winnetka, 612 F.3d 647, 649 (7th Cir. 2010); Majors v. Abell, 317 F.3d 719, 721 (7th Cir. 2003)).

Neither side discusses whether there is a way that an organization can seek an exemption under § 6033(a)(3) without risking a sanction. It would seem surprising if there were no way because many of the organizations entitled to an exemption, such as "churches," "integrated auxiliaries" of churches and certain "educational organizations" are not self-defining. E.g., Michigan Catholic Conference & Catholic Family Services v. Burwell, 755 F.3d 372, 395-96 (6th Cir. 2014) ("The IRS considers numerous factors to determine if an entity is eligible for the exceptions in § 6033(a)(3)(A)(i),(iii)."). Thus, without some mechanism for preapproval, many organizations would be placed in a precarious position if they chose to take their chances and refuse to file a report. In my own research, I came across Form 8940, which the IRS says may be used to request a ruling on whether an organization may receive an exemption from Form 990 filing requirements. http://www.irs.gov/Charities-&-Non-Profits/New-Form-8940-for-Miscellaneous-Determination-Requests, visited Dec. 18, 2014.

6

In any event, even if I assume that the threat of a sanction could be sufficient to confer standing, pre-enforcement challenges cannot be brought unless the plaintiff expresses "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute." Babbitt v. United Farm Workers National Union, 442 U.S. 289, 298 (1979). See also Bauer, 620 F.3d at 707 (judges and judicial candidates who refrained from speaking about certain topics because of restrictions in judicial code of conduct had standing to challenge those restrictions); Brandt, 612 F.3d at 649 (political promoter who wanted to host officials and candidates in his home had standing to challenge law that required sponsors of political events to bear the costs of all "special services" provided by municipality because of event); Majors, 317 F.3d at 721 (plaintiffs who wanted to take out ads expressly advocating the election or defeat of particular candidates had standing to challenge law that required certain disclosures in those ads).

In this case, plaintiffs have disavowed any interest in seeking an exemption. Cpt. ¶ 19, dkt. #2 ("The plaintiffs have been annually filing the information return, Form 990, required by § 501(c)(3), and they will continue to do so in the future."). Even after defendant pointed out this issue in his motion to dismiss, plaintiffs did not seek to amend their complaint to allege that they would attempt to take advantage of the exemption if it were not for their fear of sanctions. Rather, their sole interest has been in eliminating the exemption for religious organizations. Because plaintiffs have not expressed an interest in engaging in conduct that could be sanctioned, the threat of sanctions cannot qualify as an injury for standing purposes.

ORDER

IT IS ORDERED that this case is DISMISSED on the ground that plaintiffs Freedom from Religion Foundation and Triangle FFRF lack standing to sue. Defendant John Koskinen's motion for summary judgment, dkt. #26, is DENIED as moot. The clerk of court is directed to enter judgment accordingly and close the case.

Entered this 17th day of December, 2014.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge